LEAR, Judge.
Plaintiff-appellant instituted this action against her former husband, alleging that he had defaulted on certain promissory notes. Defendant-appellee answered the petition pleading payment. After trial on the merits, the trial court dismissed plaintiff’s suit. We affirm.
The salient facts are these:
Josie M. Lopez, plaintiff-appellant, and Hanson Joseph Lopez, Jr., defendant-appel-lee, were legally separated in October, 1972. In 1973, they were reconciled, but no notarial act was passed between the parties to reestablish the community. During 1975 and 1976, Mr. and Mrs. Lopez filed joint federal income tax returns. In August, 1976, Mrs. Lopez filed suit for legal separation and obtained a judgment thereon on August 3, 1977. Simultaneous with the legal separation, appellant and appellee executed a community property settlement of even date, which included the execution by Mr. Lopez of certain promissory notes in favor of Mrs. Lopez. One of these notes was in the amount of $100,000.00, payable in ten (10) annual installments of $10,000.00 each, plus interest at the rate of six (6%) percent per annum. The note stipulated that the first payment of $10,000.00 would be made on August 3,1978. The other note was a collateral mortgage note dated August 3, 1977, in the amount of $148,000.00, payable on demand at a rate of six (6%) percent per annum.
Mr. and Mrs. Lopez were divorced per judgment on June 20, 1978. In the meantime, the Internal Revenue Service (IRS) notified both that they owed a considerable tax liability. The IRS then began to levy on their respective sources of income. On August 2, 1978, Mr. Lopez was served with a notice of levy on wages, salary and other income of “Josie Marie Marino Lopez.” The tax levy reflected a total amount for the two years of $6,703.49. At the time, Mr. Lopez, under the conditions of the aforesaid promissory note, was apparently poised to make his first installment payment to Mrs. Lopez, his former wife, in the sum of $15,973.53.
On August 2, 1978, Hanson Lopez, defendant-appellee, purchased Cashier’s Check No. 12925, in the amount of $6,703.49, made payable to the Internal Revenue Service. On the same day, Lopez paid the sum of $9,280.07 to the Plaquemine Bank & Trust Company for the benefit of Josie M. Lopez, which represented the difference due after deducting the amount paid to the IRS.
Appellant filed suit on August 11, 1978, alleging that Hanson Lopez had defaulted and seeking to enforce the terms of the notes. Appellee answered pleading payment, inter alia. The case was tried and plaintiff’s suit dismissed.
*381 The issue before us is whether or not the payment of a tax levy under the circumstances here described constitutes timely payment of appellee’s obligation under the note. We hold that it does and affirm the ruling of the trial court.
26 U.S.C. § 6332 provides in pertinent part:
“§ 6332. Surrender of property subject to levy
“(a) Requirement. — Except as otherwise provided in subsection (b), any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made shall, upon demand of the Secretary or his delegate, surrender such property or rights (or discharge such obligation) to the Secretary or his delegate, except such part of the property or rights as is, at the time of such demand, subject to an attachment or execution under any judicial process.
* * * * * *
“(d) Effect of honoring levy. — Any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made who, upon demand by the Secretary or his delegate, surrenders such property or rights to property (or discharges such obligation) to the Secretary or his delegate (or who pays a liability under subsection (c)(1)) shall be discharged from any obligation or liability to the delinquent taxpayer with respect to such property or rights to property arising from such surrender or payment. In the case of a levy which is satisfied pursuant to subsection (b), such organization shall also be discharged from any obligation or liability to any beneficiary arising from such surrender or payment.”
The record reflects that Hanson J. Lopez, Jr. was truly indebted unto plaintiff and bound to make annual payments in the amount of $10,000.00 plus 6% interest to Josie M. Lopez; that immediately prior to the due date of the first payment, appellee received notice of tax levy in favor of the U.S. Internal Revenue Service and against Mrs. Lopez. Mr. Lopez, in compliance with the above statute, paid the amount of levy and forwarded the balance to Mrs. Lopez’s bank.
Mrs. Lopez, appellant, filed suit on August 11, 1978, alleging that Hanson J. Lopez, Jr., appellee, had defaulted and seeking to enforce the terms of the notes.
At the trial of the case, the defendant-ap-pellee’s principal defense was payment. Mrs. Lopez, however, adduced testimony tending to establish that the Plaquemine Bank & Trust Company had a “security interest” in the said notes and all payments made by Hanson Lopez to satisfy the said indebtedness; that this “security interest” activates the provisions of 26 U.S.C. § 6323[1] in favor of the bank, thereby exempting all monies held for her by Hanson Lopez.
Such evidence and argument are totally irrelevant under the facts of this case. The bank is not a party to this suit and neither appellant nor appellee may urge whatever interest the bank may have in avoidance of payment of the tax levy. Appellant cites United States v. Harris, 249 F.Supp. 221 (1966) as authority for her contention that *382 Mr. Lopez was not bound to pay the tax levy. In Harris, the government levied against Harris’ property, which was on deposit in Pioneer Bank, a co-defendant in those proceedings. Prior to the levy, however, Harris and his wife had executed certain set-off agreements arising out of a prior indebtedness of the taxpayers to the bank. The bank, after receiving notice of the levy, simply sought to enforce its rights by charging the taxpayers’ accounts and applying the total sums to their debt. The bank, thereafter, refused to pay the tax liability of the taxpayers, and the government instituted foreclosure proceedings under 26 U.S.C. § 6321[2] against Harris and Pioneer Bank.
Harris is clearly inapplicable. The provisions of 26 U.S.C. § 6332 are clear and unambiguous. Appellee had no choice but to pay or suffer adverse consequences under 26 U.S.C. § 6332(c)(2).[3]
For these reasons, judgment is rendered in favor of appellee, Hanson Joseph Lopez, Jr., and against appellant, Josie M. Lopez, affirming the decision of the lower court, appellant to pay all costs of these proceedings.
AFFIRMED.

. “§ 6323. Validity and priority against certain persons
“(a) Purchases, holders of security interests, mechanic’s lienors, and judgment lien creditors. — The lien imposed by section 6321 shall not be valid as against any purchaser, holder of a security interest, mechanic’s lien- or, or judgment lien creditor until notice thereof which meets the requirements of subsection (f) has been filed by the Secretary or his delegate.
* * * * * *
“(h) Definitions. — For purposes of this section and section 6324—
“(1) Security interest. — The term ‘security interest’ means any interest in property acquired by contract for the purpose of securing payment or performance of an obligation or indemnifying against loss or liability. A security interest exists at any time (A) if, at such time, the property is in existence and the interest has become protected under local law against a subsequent judgment lien arising out of an unsecured obligation, and (B) to the extent that, at such time, the holder has parted with money or money’s worth.”

. “§ 6321. Lien for taxes
“If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, 'together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person. Aug. 16, 1954, c. 736, 68A Stat. 779.”

. “(2) Penalty for violation. — In addition to the personal liability imposed by paragraph (1), if any person required to surrender property or rights to property fails or refuses to surrender such property or rights to property without reasonable cause, such person shall be liable for a penalty equal to 50 percent of the amount recoverable under paragraph (1). No part of such penalty shall be credited against the tax liability for the collection of which such levy was made.”